UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS ROMO, et al., | Case No. 15-cv-03708-EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | Docket No. 29 |

Previously, the Court granted in part and denied in part Defendant Wells Fargo Bank, N.A.'s ("Wells") motion to dismiss Plaintiffs Chris Romo and Maria Dulia Romo's first amended complaint ("FAC"). More specifically, the Court denied the motion with respect to the negligence claim but granted the motion with respect to the claims for negligent misrepresentation and fraudulent misrepresentation. The Court gave Plaintiffs leave to amend both dismissed claims. *See* Docket No. 26 (order). Thereafter, Plaintiffs filed their second amended complaint ("SAC"). Wells has now moved to dismiss the SAC – not only the misrepresentation-based claims but also the negligence claim which the Court previously allowed to proceed.

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part Wells's motion to dismiss.

## I.      BACKGROUND

In their SAC, Plaintiffs allege as follows. Plaintiffs are the owners of certain real property located in Healdsburg, California. *See* SAC ¶¶ 9, 16. In 2004, Plaintiffs refinanced their loan on the property, obtaining a "Pick A Pay" loan from Wachovia Bank (a predecessor of Wells). SAC ¶ 18. "Plaintiffs chose the 'Pick a Pay' loan because they believed that the loan Wachovia agents

advised them of was a great loan.  The agents made no mention to the Plaintiffs of any fees and unpaid interest that would be added to the loan."  SAC ¶ 24.  In addition, agents failed to make proper disclosures to Plaintiffs as required by the Truth In Lending Act, including about the interest rate that would be charged.  *See* SAC ¶ 26.

In or about July 2009, after experiencing financial difficulties, Plaintiffs contacted Wachovia about refinancing the loan and/or loan modification.  *See* SAC ¶ 28 *et seq.*  Between July 2009 and April 2015, Plaintiffs submitted over nine applications for a loan modification; none were approved.  *See* SAC ¶ 165.  Based on Wachovia/Wells's conduct during this period, Plaintiffs assert claims for negligence, negligent misrepresentation, and fraudulent misrepresentation.  Plaintiffs' misrepresentation-based claims are based on the following allegations: (1) that Wachovia/Wells misrepresented that Plaintiffs had to stop making payments on their loan in order to be considered for a loan modification, *see, e.g.*, SAC ¶¶ 172, 191; (2) that Wachovia/Wells misrepresented that Plaintiffs would get a HAMP trial loan modification, *see, e.g.*, SAC ¶¶ 173, 186; and (3) that Wachovia/Wells promised that Plaintiffs would get a permanent HAMP loan modification so long as they were qualified (which they were).  *See, e.g.*, SAC ¶¶ 174-75, 187.

## II.    DISCUSSION

A.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  While "a complaint need not contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

United States District Court
For the Northern District of California

1  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

2  556 U.S. 662 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The

3  plausibility standard is not akin to a 'probability requirement' but it asks for more than sheer

4  possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678.

5  B.    <u>Negligence Claim</u>

6        As an initial matter, Wells challenges the negligence claim on the ground that "the SAC

7  does not identify any [HAMP] guideline that required Wells Fargo to grant Plaintiffs a

8  modification. . . . If a guideline requiring Wells Fargo to grant a TPP [Trial Period Plan] exists,

9  Plaintiffs can and must identify it." Mot. at 6. In response, Plaintiff argues that Wells "raises

10 additional arguments that were not raised in the original motion to dismiss" in violation of Federal

11 Rule of Civil Procedure 12(g)(2). Opp'n at 5.

12       Rule 12(g)(2) states that, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a

13 motion under this rule must not make another motion under this rule raising a defense or objection

14 that was available to the party but omitted from its earlier motion." Rule 12(h)(2), in turn,

15 provides that arguments which pertain to a plaintiff's "[f]ailure to state a claim upon which relief

16 can be granted . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a

17 motion under Rule 12(c); or (C) at trial."[1] To summarize, under Rule 12(g)(2) and Rule 12(h)(2),

18 a party that seeks to assert a defense that was available but omitted from an earlier Rule 12 motion

19 can only do so in a pleading allowed or ordered under Rule 7(a), a Rule 12(c) motion, or at trial.

20 Here, Wells seeks to assert "a defense . . . that was available . . . but omitted from [an] earlier

21 motion" to dismiss. Fed R. Civ. P. 12(g)(2). However, Wells has not asserted this defense in a

22 pleading, a Rule 12(c) motion, or at trial. Instead, Wells has asserted this defense in a motion to

23 dismiss brought under Rule 12(b)(6). Wells is foreclosed from doing so because of Rule 12(g)(2)

24 and Rule 12(h)(2). *See Herron v. Best Buy Stores, LP*, No. 12-CV-02103-GEB-JFM, 2013 WL

25 4432019, at *4 (E.D. Cal. Aug. 16, 2013) (refusal to consider argument Toshiba had "failed to

26

27 _____

[1] Rule 12(h)(3), another exception to Rule 12(g)(2), does not apply to the instant case. Rule
28 12(h)(3) allows parties to challenge subject matter jurisdiction at any point in litigation. Fed. R.
   Civ. P. 12(h)(3). Subject matter jurisdiction is not at issue in this case.

1   squarely raise . . . in its initial dismissal motion"); *Fed. Agr. Mortgage Corp. v. It's A Jungle Out*

2   *There, Inc.*, No. C 03-3721 VRW, 2005 WL 3325051, at *5 (N.D. Cal. Dec. 7, 2005) (where the

3   complaint is amended after the defendant has filed a Rule 12(b) motion, the defendant may not

4   thereafter file a second Rule 12(b) motion asserting objections or defenses that could have been

5   asserted in the first motion."); *see also* Wright & Miller, 5C Fed. Prac. & Proc. § 1388, 491-95 (3d

6   ed. 2004) (citing additional cases applying Federal Rule 12(g)(2) and Rule 12(h)(2)).  Thus,

7   Wells's newly asserted argument about the identification of "any [HAMP] guideline" with respect

8   to Wells Fargo's negligence claim, which it failed to assert in its prior Rule 12(b)(6) motion, may

9   not properly be considered.

10  C.   Negligent Misrepresentation

11        As indicated above, Plaintiffs' claim for negligent misrepresentation (as well as fraudulent

12  misrepresentation) is based on the following allegations: (1) that Wachovia/Wells misrepresented

13  that Plaintiffs had to stop making payments on their loan in order to be considered for a loan

14  modification, *see, e.g.*, SAC ¶ 191; (2) that Wachovia/Wells misrepresented that Plaintiffs would

15  get a HAMP trial loan modification, *see, e.g.*, SAC ¶ 186; and (3) that Wachovia/Wells promised

16  that Plaintiffs would get a permanent HAMP loan modification so long as they were qualified

17  (which they were).  *See, e.g.*, SAC ¶ 187.  In its motion to dismiss, Wells contends that the

18  negligent misrepresentation claim (1) is time-barred; (2) does not plead facts showing an

19  actionable misrepresentation; and (3) fails to allege justifiable reliance.

20        1.   Statute of Limitations

21        There is either a two- or three-year statute of limitations for the negligent

22  misrepresentation claim.  *See Ferguson v. JPMorgan Chase Bank, N.A.*, No. 2:14-CV-00328-

23  KJM-KJN, 2014 U.S. Dist. LEXIS 70013, at *16-17 (E.D. Cal. May 20, 2014) (stating that "the

24  limitations period for negligent misrepresentation depends on the facts and circumstances of the

25  case" – *e.g.*, "when the allegations show a failure to meet a standard of reasonable care by

26  someone owing a duty of care, courts apply a two-year limitations period to negligent

27  misrepresentation claims" but, "when the allegations are based on deceit, courts are more inclined

28  to apply a three-year limitations period applicable to fraud claims"); *see also Villegas v. Wells*

4

**United States District Court**
For the Northern District of California

1  *Fargo Bank, N.A.*, No. C 12-02004 LB, 2012 U.S. Dist. LEXIS 132511, at *13 & n.6 (N.D. Cal.

2  Sep. 17, 2012) (noting the same).  For purposes of this opinion, the Court assumes that there is a

3  three-year statute of limitations, particularly as the allegations in the SAC indicate that the

4  negligent misrepresentation claim is predicated on deceit.

5        Wells argues that the negligent misrepresentation claim is time barred because (1)

6  Plaintiffs did not file suit until May 13, 2015, which means that (2) any alleged misconduct on the

7  part of Wells had to take place by May 13, 2012, but (3) the allegations in the SAC show that the

8  alleged wrongdoing all took place prior to May 13, 2012.

9        The Court is not persuaded.  To the extent the alleged misrepresentation was that Plaintiffs

10  had to stop making payments on their loan in order to be considered for a loan modification, it is

11  not clear from the SAC when Plaintiffs learned that that representation was false (*i.e.*, consistent

12  with the discovery rule[2]).  *See Washington v. Taser Int'l, Inc.*, No. 2:05-CV-00881-JAM-GGH,

13  2011 U.S. Dist. LEXIS 64609, at *6 (E.D. Cal. June 16, 2011) ("A complaint may be dismissed

14  under Rule 12(b)(6) if it was filed outside of the applicable statute of limitations and 'the running

15  of the statute is *apparent on the face of the complaint*.'") (emphasis added).

16        To the extent the alleged misrepresentation was that Plaintiffs would get a HAMP trial

17  loan modification, it is true that the misrepresentation was made in November 2011.  *See* SAC ¶

18  112.  However, Plaintiffs would only know the falsity of that representation when they were told

19  that a permanent modification would not be offered because they did not make payments on the

20  trial loan modification (which they never received).  *See* SAC ¶¶ 112, 186.  Similar to above, it is

21  not clear from the SAC when Plaintiffs were told that a permanent modification would not be

22  offered on that basis.

23        Finally, to the extent the alleged misrepresentation was that Plaintiffs would get a

24  permanent HAMP loan modification, it is not apparent from the SAC either when that

25  misrepresentation took place or when Plaintiffs learned of the falsity of that representation.

26  

27  [2] *See Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1011 (N.D. Cal. 2015) ("To prevent the
dismissal of a cause of action brought by a plaintiff who is 'blamelessly ignorant' of the existence

28  of his claim, under the discovery rule, a cause of action accrues 'when the plaintiff discovers or
should have discovered all facts essential to his cause of action.'").

1    Accordingly, although the Court cannot say at this juncture that Wells has no statute-of-

2    limitations defense to the negligent misrepresentation claim, the Court can say that, at the 12(b)(6)

3    phase at least, the face of the complaint does not clearly establish a time bar.

4        2.    Justifiable Reliance and Actionable Misrepresentation

5        A claim for negligent misrepresentation requires a misrepresentation, justifiable reliance,

6    and resulting damages.  *See Alliance Mortg. Co. v. Rothwell*, 10 Cal.4th 1226, 1239, fn. 4 (Cal. Ct.

7    App. 1995).  Here, even if the statute of limitations is not a bar, Plaintiffs' claim fails for other

8    reasons.

9        More specifically, with respect to the alleged misrepresentation that Plaintiffs had to stop

10   making payments on their loan in order to be considered for a loan modification, Plaintiffs have

11   failed to allege justifiable reliance.  In *Trigueiro v. Bank of America, N.A.*, No. 2:14-CV-02556-

12   MCE-EF, 2015 WL 4983599  (E.D. Cal. Aug. 19, 2015), the court refused to dismiss the negligent

13   misrepresentation and fraud claims where plaintiffs were induced to default  on their monthly

14   payments in order to obtain loan modification.  In that case, the defendant's representative told

15   plaintiffs that the easiest way for plaintiffs to get a loan modification would be to miss monthly

16   payments.  *See id*. at *1.  Not wanting to default, plaintiffs used a credit card to make their

17   monthly mortgage statements for a time, until the credit card payments became intolerable.  *See id*.

18   The modification was ultimately denied even after plaintiffs withheld their monthly mortgage

19   payments.  *See id*. at *2-3.  The court concluded that plaintiffs' reliance on defendant's statement

20   to fall behind on mortgage payments was justifiable because "[p]laintiffs had remained current on

21   their payments at the time the representations were made and had used their credit card to keep the

22   account current."  *Id*. at *4.

23       By contrast, here, Plaintiffs did not allege they were current on the loan at the time of the

24   alleged statements.  Although the SAC alleges that, on July 31, 2009, Plaintiffs were told by Mr.

25   Jamie Postrono that they needed to be behind in payments for a possible forbearance, SAC ¶ 29;

26   *see also* SAC ¶¶ 33, 35, 83, the SAC does not allege Plaintiffs were current on their payments on

27   July 31, 2009, and then were induced to fall behind on their payments by the alleged

28   misrepresentation.  The SAC only states: "[a]s stated above, at least 20 different Wells Fargo and

United States District Court
For the Northern District of California

6

Wachovia employees informed the Plaintiffs that they had to fall behind on their payments in order to consider them for a modification – which the Plaintiffs thought was ridiculous – which was part of the reason they fell behind." SAC ¶ 185. This allegation is not sufficient to draw a reasonable inference that Plaintiffs fell behind on their payments as of July 31, 2009, in reliance on the alleged 2009 misrepresentation (or any similar misrepresentation thereafter).

There is also a justifiable reliance problem with the alleged misrepresentation that Plaintiffs would get a trial loan modification. Plaintiffs maintain that they decided to forego other financing options because of the misrepresentation, *see, e.g.*, SAC ¶ 188, but Plaintiffs also admit that they never received the promised trial loan modification for months. Thus, at least at a certain point, it was not reasonable for Plaintiffs to, in effect, sit on their hands and do nothing.

Even if there were no issue with justifiable reliance, the alleged misrepresentation that Plaintiffs would get a trial loan modification is problematic for an independent reason. As Wells points out, the Court previously held that a negligent misrepresentation requires a misrepresentation of a past or existing material fact, and, here, Plaintiffs "allege[] a false statement about a future fact: that Plaintiffs 'would be given a trial loan modification.'"[3] Docket No. 26 (Order at 19). Plaintiffs try to avoid this fact by arguing that Wells made a misrepresentation that Plaintiffs could not be given a permanent modification "because they did not make payments on [the] trial loan modification, which was never sent to them. These misrepresented facts were misrepresentations about past incidents." Opp'n at 8. But if this is Plaintiffs' new theory of misrepresentation, there is a justifiable reliance problem again – *i.e.*, Plaintiffs knew that the trial loan modification had never been sent to them, and therefore they could not have relied on the representation.

Finally, the alleged misrepresentation that Plaintiffs would get a permanent loan

---

[3] Under certain circumstances, a failure to perform as promised is actionable. But a plaintiff must show that the promise to perform was not true at the time the promise was made, and a mere failure to perform as promised does not, in and of itself, give rise to an inference that the defendant did not intent to perform at the time of the promise. *See Tenzer v. Superscope*, 39 Cal. 3d 18, 30 (1985) (stating that "'something more than nonperformance is required to prove the defendant's intent not to perform his promise'" – *e.g.*, "defendant's insolvency, his hasty repudiation of the promise, his failure even to attempt performance, or his continued assurances after it was clear that he would not perform").

United States District Court
For the Northern District of California

1  modification fails because, similar to above, it concerns a future fact, not a past or existing one.

2  Moreover, Plaintiffs have not pled any facts to make it plausible that, at the time that the promise

3  was purportedly made, Wells did not intend to perform.  *See* note 3, *supra*.

4  D.  Fraud

5       The analysis above on the negligent misrepresentation claim applies to the fraudulent

6  misrepresentation claim as well, as the two claims are based on the same underlying facts.

7  Accordingly, for the reasons stated above, the Court concludes that the fraud claim is also subject

8  to dismissed based on failure to allege justifiable reliance and/or actionable fraud.[4]

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18

19  _____

[4] In its prior order, the Court also noted that "Plaintiffs never received a trial period plan or a
20  permanent modification.  No contracted obligation was established."  Order at 20.  The SAC again
does not allege that Plaintiffs received a trial period plan or a permanent modification.  Plaintiffs
21  have cited no case upholding a fraud claim based not on the issuance of a TPP but only a *promise*
to issue one.  For example, Plaintiffs again rely on *Fleet v. Bank of America*, 229 Cal. App. 4th
22  1403 (Cal. Ct. App. 2014), to argue that "the California Court of Appeal ruled that a party had
properly plead a viable Fraud claim when they alleged that the servicer 'never intended to modify
23  their loan,' notwithstanding its representations that it did want to modify their loan (and when they
had been offered a trial loan modification)."  Opp'n at 11.  Yet, in *Fleet*, Plaintiffs were approved
24  for a trial period plan under a modification program.  *See Fleet*, 229 Cal. App. 4th at 1406.  The
trial period letter guaranteed a modification if plaintiffs made timely payments according to the
25  letter's schedule.  *Id*. at 1410.  The Court of Appeal held that plaintiffs stated a fraud claim under
Cal. Civ. Code § 1710 by alleging that the lender never intended to modify their loan, but rather
26  intended to foreclose.  *Id*. at 1412.  By contrast, here, where Wells Fargo never actually offered
Plaintiffs a trial modification plan, but only allegedly promised one, that promise is not backed by
27  a legal or contractual obligation as would be the case were the TPP actually issued.  A mere
*promise* to issue a TPP are steps removed from a legal or contractual obligation which obtains
28  when a TPP is actually issued and clear conditions to a loan modification are established.  Any
reliance on such an alleged promise is not reasonable.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, the motion to dismiss the negligence claim is denied but the motion to dismiss the negligent misrepresentation and fraudulent misrepresentation claims is granted.  Because the Court previously gave Plaintiffs an opportunity to cure the misrepresentation-based claims, but Plaintiffs have still failed to allege viable causes of action, the misrepresentation-based claims are dismissed with prejudice.

This order disposes of Docket No. 29.

**IT IS SO ORDERED**.

Dated: June 28, 2016

_____
EDWARD M. CHEN
United States District Judge