UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS ROMO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 15-cv-03708-EMC<br><br>**ORDER DENYING PLAINITFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Docket No. 62 |

For the reasons stated on the record during the November 10, 2016 hearing, the Court **DENIES** Plaintiffs' motion for leave to file third amended complaint (Docket No. 62). This order is intended to memorialize and supplement that ruling.

Courts in the Ninth Circuit grant leave with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). However, district courts may decline to grant leave where the amendment: (1) would cause undue delay; (2) would prejudice the opposing party; (3) is sought in bad faith; or (4) would be futile. *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984). A proposed amendment may be deemed futile if no new set of facts can be proved under the amendment, which would constitute a valid claim or defense. *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *Vincent v. Trend Western Technical Corp.*, 828 F.2d 563 (9th Cir. 1987) ("[W]e held that a court did not abuse its discretion in denying a motion to amend a complaint . . . when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally.'" (quoting *Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982)). The Court finds that Plaintiffs' proposed amendments are futile for the following reasons.

1    First, Plaintiffs' new cause of action for violation of California Civil Code § 2924.17(a) is
2    legally insufficient. Plaintiffs argue that Wells Fargo violated Code § 2924.17 by recording a
3    Notice of Default on their second position lien securing a HELOC loan. Docket No. 62 (Proposed
4    third amended complaint) at ¶¶ 175-179. However, the Court finds that Plaintiffs failed to provide
5    new facts showing that the Notice of Default was inaccurate or unsupported in violation of §
6    2924.17. Neither party disputed during the oral hearing that Plaintiffs defaulted on the amount of
7    $10,500 owed to Wells Fargo on their HELOC loan secured by the second lien.

8    Second, Plaintiffs' new cause of action for violation of § 2924.17(b) is legally insufficient.
9    Plaintiffs failed to allege new facts showing that Wells Fargo failed to review evidence to
10   substantiate its right to foreclose on the HELOC loan in violation of § 2924.17(b). Their only
11   assertion in this regard is that Wells Fargo violated the statute in regard to Plaintiffs' HELOC loan
12   by failing to modify the first mortgage as set forth in this and earlier complaints and as previously
13   addressed by this Court. But this theory – focusing on Wells Fargo's alleged failure vis-à-vis the
14   *first* loan – does not establish that Wells Fargo failed to review evidence on the *second* loan.
15   There is no direct or cognizable nexus between the two loans. To hold otherwise and accept
16   Plaintiffs' theory would impose upon banks an obligation to re-examine any alleged failure earlier
17   to grant modification of prior unrelated loans, failures which may have occurred years before.
18   Such an obligation would impose an unreasonable burden on banks. Nothing in the statute
19   suggests an intent to impose such a burden. Indeed, a California appellate court recently held that
20   § 2924.17 does "not create a burden on the foreclosing party to prove anything in court, other than
21   that the declaration required by section 2923.55, subdivision (c) was filed, and that necessary steps
22   were taken before filing it." *Lucioni v. Bank of America*, 3 Cal. App. 5th 150, 163 (2016).

23   Third, Plaintiffs' § 2924.17 claim based on the alleged violation of HAMP Supplemental
24   Directive 09-05 fails. For HAMP Directive to apply to Wells Fargo, its predicate – "a borrower's
25   first lien is modified" – should be satisfied. Supplemental Directive 09-05 Revised ("Only second
26   liens with corresponding first liens that have been modified under HAMP are eligible for a
27   modification or extinguishment under 2MP."). Here, it is undisputed that Plaintiffs' first loan has
28   not been modified. It is an actual modification of the first loan, not a potential modification or a

wrongful failure to render a modification, that satisfies the predicate to the Directive. Thus, Wells Fargo's obligation under HAMP Supplemental Directive 09-05 was never triggered, and its alleged non-compliance cannot be the basis of Plaintiffs' statutory claim.

Lastly, Plaintiffs' proposed amendment to the negligence claim based on the alleged violation of HAMP Directive is futile.  As discussed above, HAMP Supplemental Directive 09-05 does not apply to Wells Fargo and thus cannot form the basis of Plaintiffs' negligence claim.

Given the motion is for leave to file a third amended complaint, as well as the fact that the newly asserted claims are entirely meritless as a matter of law, the motion is denied.  No further amendments to the complaint shall be allowed.

This order disposes of Docket No. 62.

**IT IS SO ORDERED**.

Dated: November 16, 2016

_____
EDWARD M. CHEN
United States District Judge